IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHAWN HAWKINS                                                                                             PLAINTIFF

vs.                                              Civil No. 4:20-cv-04032

ANDREW M. SAUL                                                                                         DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Shawn Hawkins ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.      Background:**

Plaintiff originally filed her application on October 12, 2012 due to back, neck, and leg injuries arising from a car accident, high blood pressure, and migraine headaches. (Tr. 112, 216).[1] Plaintiff alleges an onset date of August 25, 2008. (Tr. 122). Her application was denied initially and again upon reconsideration. (Tr. 129-134).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 13. These references are to the page number of the transcript itself and not the ECF page number.

1

Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted. (Tr. 53-77). This hearing was held in Little Rock, Arkansas on October 20, 2014. *Id.* At this hearing, Plaintiff was present but was not represented by counsel. *Id.* Thereafter, the ALJ entered an unfavorable decision denying Plaintiff's disability application, and Plaintiff appealed that denial to the United States District Court for the Eastern District of Arkansas. (Tr. 981-984). On an unopposed motion to remand, Plaintiff's case was reversed and remanded to the administrative level.

On September 15, 2017, the ALJ held a second administrative hearing. (Tr. 900-968). At this hearing, Plaintiff was present and was represented by counsel. *Id.* Plaintiff and Vocational Expert ("VE") Diane Smith testified. *Id.* On October 26, 2017, after the administrative hearing, the ALJ entered a partially favorable decision on Plaintiff's disability application. (Tr. 836-855). In this decision, the ALJ noted Plaintiff's amended alleged onset date was February 18, 2011. (Tr. 841).

The ALJ determined Plaintiff's date last insured for purposes of DIB was March 31, 2012. (Tr. 855). Plaintiff, however, qualified for Medicare Qualified Government Employment beginning on June 6, 2016. (Tr. 855, Finding 13). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her amended alleged onset date. (Tr. 843-844, Finding 2). The ALJ determined that since her amended alleged onset date of February 18, 2011, Plaintiff had the following severe impairments: degenerative disc disease ("DDD"), history of migraine headache, knee pain, and arthropathies. (Tr. 844, Finding 3). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled

2

the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 844, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC").  (Tr. 845-851, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found they were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that beginning on June 6, 2016, the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she can perform no more than occasional overhead reaching.  She can frequently handling [handle]/fingering [finger] with the upper extremities.  She cannot climb ropes, ladders, or scaffolding.  She can understand, remember, and carry out complex instructions and respond to changes within the workplace.  She would have three unscheduled absences per month.

*Id.*  The ALJ determined Plaintiff was a younger individual prior to the established disability onset date. (Tr. 853, Finding 8).  The ALJ determined Plaintiff had at least a high school education and was able to communicate in English.  (Tr. 853, Finding 9).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 853, Finding 7).  The ALJ determined that since February 18, 2011, Plaintiff has been unable to perform her PRW except for her PRW as a receptionist.  *Id.*  The VE testified that her PRW as a receptionist was semi-skilled and sedentary, and Plaintiff retained the ability to perform this work.  *Id.*  The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 854-855, Finding 11).  The ALJ determined that, beginning June 6, 2016 and considering her age, education, work experience, and RFC, there were no jobs that existed in significant numbers in the national economy that Plaintiff retained the

capacity to perform. (Tr. 855, Finding 12). Because Plaintiff did not retain the capacity to perform any work after June 6, 2016, the ALJ determined Plaintiff was not disabled prior to June 6, 2016 but became disabled on that date and continued to be disabled through his decision date. (Tr. 855, Finding 13).

Plaintiff sought review with the Appeals Council. (Tr. 835). The Appeals Council denied this request. *Id.* On April 9, 2020, Plaintiff filed a Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 16-18. This matter is now ripe for consideration.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).

If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000). It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or

4

her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.     **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial

5

evidence in the record. ECF No. 16 at 1-27. Specifically, Plaintiff raises three arguments for reversal: (1) the ALJ erred in considering the opinions of her treating physicians; (2) the ALJ erred in considering her subjective complaints of pain; and (3) the ALJ did not include all of her limitations in the hypothetical to the VE. *Id.* Upon review, the Court finds the ALJ did not fully consider her subjective complaints when evaluating her disability during the relevant time-period. According, the Court will only address this issue for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. Instead, the ALJ based his credibility determination almost entirely upon the fact that Plaintiff's subjective complaints were not supported by her medical records. (Tr. 18-19). In his opinion, the ALJ summarized Plaintiff's medical records and discounted Plaintiff's subjective complaints because they were not supported by the objective medical records:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the above alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. Accordingly, these statements have been found to affect the claimant's ability to work only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence.

(Tr. 850).

Indeed, in this opinion, the only non-medical evidence the ALJ considered was Plaintiff's daily activities. (Tr. 850-851). As the ALJ stated, these included the following: "The claimant indicated that she could care for her personal needs, prepares meals, does household chores including dishwashing and laundry, can and does drive, goes shopping in stores, watches television, spends time with others, and attends church on Sundays (Ex. 6E). In addition, the claimant reported to her treatment providers that she exercised using an elliptical, exercycle, and treadmill." (Tr. 850-851). Although these daily activities appear to be extensive, such a characterization is misleading.

As for her ability to care for her personal needs, prepare meals, perform chores, drive, shop, and similar activities, these can hardly be characterized as an exhaustive list of activities, and they do not give the ALJ a basis for entirely discounting Plaintiff's subjective allegations. Further, during *one* appointment on March 7, 2014, Plaintiff reported she was using an elliptical, exercycle, and treadmill. (Tr. 823). The medical records do not explain how long Plaintiff was able to perform these activities, and it was only after an injection that her knee allowed this activity. *Id.* The ALJ's indication that she was able to perform these activities on a sustained basis is simply misleading and is not supported by her records. Indeed, two weeks before the record on March 7, 2014, Plaintiff was prescribed hydrocodone 10/325 mg 2-3 times a day for pain, including her assessed cervical spondylosis, lumbar spondylosis, chronic headaches, numbness and tingling in her leg, and right leg and foot and pain in her left knee. (Tr. 814). Thus, Plaintiff's pain was greater than that indicated by the ALJ.

Based upon this review, the Court finds the ALJ's assessment of Plaintiff's subjective complaints was improper. *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective

complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective complaints during the relevant time-period, this case must be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED AND REMANDED**.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 20th day of January 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE