IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHAWN HAWKINS                                                                                               PLAINTIFF

vs.                                              Civil No. 4:20-cv-04032

COMMISSIONER,                                                                                              DEFENDANT
SOCIAL SECURITY ADMINISTRATION

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pending now before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA").  ECF No. 21.  Defendant has responded to Plaintiff's Motion and objects to the following: (1) some of the time requested is excessive; (2) some of the time requested is clerical in nature; and (3) the hourly rates for 2020 and 2021 are excessive.  ECF No. 22.  This Motion has been referred to the undersigned and is now ripe for consideration.

**1.      Background:**

On April 9, 2020, Shawn Hawkins ("Plaintiff") appealed to the Court from the Secretary of the Social Security Administration's ("SSA") denial of his request for disability benefits.  ECF No. 1.  On March 2, 2021, Plaintiff's case was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  ECF No. 20.

On May 6, 2021, Plaintiff filed his Motion for Attorney's Fees.  ECF No. 21.  With this Motion, Plaintiff requests an award of attorney's fees of $11,908.40.[1]  *Id.*  This amount totals 54.6 attorney hours in 2020 at an hourly rate of $209.12 and 2.3 attorney hours in 2021 at an hourly

---

[1] Plaintiff actually requests $11,958.40, but this appears to be a mistake based upon the calculated rates: 54.6 hours from 2020 at an hourly rate of $209.12 and 2.3 hours from 2021 at an hourly rate of $211.15.

1

rate of $211.15. *Id.* Defendant has responded to this Motion and objects to Plaintiff's attorney's requested hourly rate and to this Motion as being excessive and as seeking compensation for time that is purely clerical in nature. ECF No. 22.

**2.** **Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty-day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990). *See also* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act").

**3.     Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF No. 20. Defendant does not object to Plaintiff's claim that he is the "prevailing party" and does not object to his request for fees. ECF No. 22. Thus, the Court finds Plaintiff is entitled to fees under the EAJA.

Plaintiff requests a total award of $11,908.40. ECF No. 21. This amount totals 54.6 attorney hours in 2020 at an hourly rate of $209.12 and 2.3 attorney hours in 2021 at an hourly rate of $211.15. *Id.* These attorney hourly rates are authorized by the EAJA as long as the CPI-South Index justifies these enhanced rates. *See* General Order 39. *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the present action, the Court finds the CPI-South Index authorizes $203.00 for 2020 and $206.00 for 2021. Thus, the Court awards those hourly rates and not Plaintiff's requested hourly rates.

3

Further, Plaintiff has requested 54.6 attorney hours for work performed in 2020 and 2.3 attorney hours for work performed in 2021. ECF No. 21. Defendant objects to these requested hours as being excessive. ECF No. 23. For example, Defendant claims the 0.40 hour requested for "draft Civil cover" on March 20, 2020 was excessive. *Id.* at 2. Defendant claims Plaintiff's attorney should only be entitled to 0.20 hour for this work. Upon review of this entry and the other attorney entries Plaintiff's attorney submitted and based upon the complicated facts of this case and the 1,539 page transcript, the Court finds these entries—and the total 56.90 hours in attorney entries—are reasonable and are not excessive. *See* ECF No. 21-4.

Defendant also objects to some of the entries from Plaintiff's attorney as being for work purely clerical in nature. Tasks that are purely clerical in nature are not compensable under the EAJA. *See Granville House, Inc. v. Dep't of Health, Educ. and Welfare,* 813 F.2d 881, 884 (8th Cir. 1987) (holding that work which could have been completed by support staff is not compensable under the EAJA). Defendant claims 5.05 hours requested by Plaintiff's attorney are not compensable under EAJA because they are purely clerical tasks. For example, Defendant claims 0.40 hour on January 30, 2020 for "check current filing fee and relay to client," 0.30 hour on February 26, 2020 for "client contact to reissue filing fee," and 0.40 hour on March 17, 2020 for "mailed EAJA net worth and assignment forms with cover to client" are all requests for compensation for purely clerical work. ECF No. 22 at 3. Upon review, the Court finds the disputed entries are not for purely clerical work. Thus, the Court declines to reduce the requested hours.

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 130 S.Ct. 2521 (2010). ECF No. 22. *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See id.* 130 S.Ct. at 2528. Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid

4

assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

**4.    Conclusion:**

Based upon the foregoing, the Court recommends Plaintiff be awarded **$11,557.60.** This amount totals 54.6 attorney hours in 2020 at an hourly rate of $203.00 and 2.3 attorney hours in 2021 at an hourly rate of $206.00.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**  *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 18th day of August 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE